(90 South. 47)

SCOTT v. STATE.   (8 Div. 783.)

(Court of Appeals of Alabama.  June 7, 1921. Rehearing Denied June 30, 1921.)

1. Criminal law ⬅448(11)—Testimony as to appearance of deceased's wound not inadmissible as conclusion.

In a prosecution for murder, testimony of nonexpert witnesses, who saw deceased's wound, that it went down, was admissible, being simply a matter of what they saw, and not calling for a conclusion or opinion.

2. Criminal law ⬅1169(9) — Admission of nonexpert testimony as to direction of deceased's wound not reversible error where other witnesses testified to same effect.

In a prosecution for murder, admission of testimony of nonexpert witnesses, who saw deceased's wound, that it went down, was not reversible error where other witnesses testified without objection to the same effect.

3. Criminal law ⬅753(2)—Affirmative charge for defendant properly refused where evidence conflicting.

Where the evidence was conflicting, an affirmative charge for defendant was properly refused.

4. Homicide ⬅300(13)—Instruction on fear of bodily harm properly refused, as omitting question of provocation.

In a prosecution for murder, a charge that, if deceased's conduct was such as to reasonably lead defendant to believe deceased was about to inflict some great bodily harm on her, and, acting on such belief, she fired at and killed deceased, the jury should acquit, was properly refused, as leaving out of consideration the question as to who provoked the difficulty.

5. Criminal law ⬅829(21)—Refusal of written charge substantially covered by court's oral charge not error.

The refusal of a written charge, defining degrees included in charge of first degree mur-

der, substantially covered by the court's oral charge, was not error.

**6. Homicide ⊂══300(13, 15) — Charge to acquit if defendant acted on reasonable fear of bodily harm or death properly refused, as omitting freedom from fault and duty to retreat.**

In a prosecution for murder, a charge to acquit if the jury could not say beyond a reasonable doubt whether defendant acted on the reasonable belief it was necessary to shoot to save herself from great bodily harm or death was properly refused, as omitting her duty of being free from fault in bringing on the difficulty and to retreat.

**7. Homicide ⊂══300(7) — Charge held bad as directing acquittal on facts and conclusions, irrespective of evidence.**

In a prosecution for murder, a requested charge that, if defendant was free from fault in bringing on the difficulty, and reasonably believed she was in danger of a serious assault, she had the right to shoot, and the jury should acquit, was bad, as directing acquittal predicated on certain facts and conclusions, irrespective of whether they grew out of the evidence.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Ozell Scott was indicted for murder in the first degree, for killing Albert Owens, convicted of murder in the second degree, and she appeals. Affirmed.

The following charges were refused to the defendant:

(3) If the jury find from the evidence that the conduct of the deceased was such as to reasonably lead the defendant to believe that the deceased was about to inflict some great bodily harm on her person, and that the defendant, acting on such reasonable belief, fired the shot at the deceased, and killed him, then the jury should acquit.

(4) Definition of the various degrees included in the charge of murder in the first degree, as defined by the statutes, with this addition: "If the killing was not done, as shown by all the evidence in this case, under such circumstances as to make it murder in the first degree, not murder in the second degree, nor manslaughter in the first degree, as herein defined, then the killing of deceased by defendant was not unlawful, and you cannot convict her of any degree of homicide."

A. If after looking into all the evidence in this case, your minds are left in such state of uncertainty that you cannot say beyond a reasonable doubt whether defendant acted upon the well-grounded and reasonable belief that it was necessary to shoot and take the life of Albert Owen to save herself from great bodily harm, or from death, or that she shot before such impending necessity arose, then this is such a doubt as will entitle the defendant to an acquittal, and you should so find by your verdict.

E. If the defendant was free from fault in bringing on the difficulty, and honestly believed at the time she shot the deceased that she was in danger of an assault of a serious nature being inflicted upon her by the deceased, then, under the law, she had the right to shoot, and the jury should acquit.

The other facts sufficiently appear from the opinion of the court.

W. R. Walker, of Athens, for appellant.

The court erred in admitting the evidence of the witnesses Lane and French. 61 Ala. 89; 186 Ala. 5, 65 South. 42; 167 Ala. 20, 52 South. 467. Charges 3 and A should have been given. 26 Ala. 31, 62 Am. Dec. 711; 25 Ala. 30. The other charges should have been given. 96 Ala. 32, 11 South. 478; 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17; 110 Ala. 24, 20 South. 119; 114 Ala. 6, 22 South. 112: 176 Ala. 368, 58 South. 266.

Harwell G. Davis, Atty. Gen., for the State.

There was no error in the admission of the evidence complained of. 146 Ala. 51, 41 South. 621; 117 Ala. 36, 23 South. 688. Counsel discuss the assignments of error, but without citation of authority.

MERRITT, J. The appellant was indicted for murder in the first degree, convicted of murder in the second degree, and sentenced to the penitentiary for a term of 12 years.

[1, 2] The testimony of the witnesses Lane and French was properly admitted. Both of them testified that they saw the wound on the deceased, and, to state further, if they could, that it went up or down, was a matter that did not call for an expert opinion, but was simply a matter of telling what they saw, and did not call for a conclusion or an opinion. The cases cited by appellant in support of his objections to this testimony are not apt. Besides, other witnesses testified without objection that the wound went down.

[3] The evidence was in conflict, and the affirmative charge was properly refused.

[4] Written charge 3 was properly refused. This charge leaves out of consideration the question as to who provoked the difficulty, and has other vices sufficient to condemn it.

[5] Written charge 4 was substantially covered by the court's oral charge.

[6] Written charge A omits the duty devolving upon the defendant of being free from fault in bringing on the difficulty, and also the duty to retreat.

[7] Written charge E is bad, in that it directs a verdict of acquittal predicated on certain facts, and conclusions, irrespective of whether such facts and conclusions grew out of the evidence.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.

⊂══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes